IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| APRIL NUTT, as Next Friend of M.N., a minor, | |
| Plaintiff, | Cause No.: |
| v. | |
| CHRISTOPHER HAZEL, <br> Serve at: 707 Caulks Hill Road <br> St. Charles, MO 63304 | |
| and | |
| CARLA HAZEL, <br> Serve at: 707 Caulks Hill Road <br> St. Charles, MO 63304 | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

COMES NOW plaintiff April Nutt, as next friend of M.N., a minor, and for her cause of action against defendants Christopher Hazel and Carla Hazel states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff April Nutt (hereafter "April" or "plaintiff") is the mother and Next Friend of M.N., a minor, and is a resident of the State of Arkansas.

2. Defendants Christopher Hazel and Carla Hazel (hereafter "defendants") and husband and wife and residents of the State of Missouri.

3. Jurisdiction is proper in this Court as this action has been originally filed in this District pursuant to 28 U.S.C. § 1332.

4. Venue properly lies in this District pursuant to 28 U.S.C. § 1391, in that defendants reside within this District and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. On July 11, 2009, defendants were the owners and residents of a residence located at 707 Caulks Hill Road, St. Charles, Missouri.

6. On July 11, 2009, defendants knowingly owned, kept, harbored, maintained and/or allowed to stay at their residence a dog known by the name of "Harley."

7. Prior to July 11, 2009, defendants were aware that Harley possessed vicious and dangerous propensities.

8. Prior to July 11, 2009, defendants were aware that Harley had recently undergone surgery on one of his legs.

9. On July 11, 2009, M.N. and April were invitees at defendant's residence.

10. At approximately 1:00 p.m. on July 11, 2009, M.N. was attacked by defendant's dog Harley.

11. Prior to the attack, M.N. did not provoke Harley.

12. As a direct and proximate result of the attack, M.N. sustained damages, including:

    a. She has suffered severe, disfiguring, and permanent injuries to her face and neck;

    b. She has experienced extreme pain and suffering, and is reasonably likely to experience the same in the future;

    c.    She has endured numerous medical procedures and is reasonably likely to endure further medical procedures in the future;

    d.    She has suffered a speech impediment which is reasonably likely to persist in the future; and

    e.    She has incurred medical expenses to date and is reasonably likely to sustain additional medical expenses in the future.

## COUNT I
## NEGLIGENCE

13.    Plaintiff realleges the allegations set forth in paragraphs 1 through 12 as if set forth fully herein.

14.    M.N.'s aforementioned damages were the direct and proximate result of one or more of the following acts of negligence committed by defendants:

    a.    Defendants failed to warn either M.N. or April of the harm posed by Harley's normally dangerous propensities;

    b.    Defendants failed to warn either M.N. or April of Harley's recent surgery;

    c.    Defendants failed to restrain, train, remove or otherwise prevent Harley from biting and or attacking invitees upon their property; and

    d.    Defendants failed to restrict or otherwise prevent invitees or licensees from coming into contact with the dog in question.

WHEREFORE, plaintiff April Nutt, as next friend for her daughter, M.N., prays for this Court to enter Judgment against defendants Christopher Hazel and Carla Hazel, and each of them, is an amount that is fair and reasonable.

## COUNT II
## STRICT LIABILITY

15. Plaintiff realleges the allegations set forth in paragraphs 1 through 12 as if set forth fully herein.

16. M.N. sustained the aforementioned damages the direct and proximate result of the bites inflicted by Harley, a dog owned or possessed by defendant's, thereby giving rise to strict liability. RSMo. § 273.076.

17. In the alternative to paragraph 16, strict liability arises as M.N.'s aforementioned damages were the direct and proximate result of the bites inflicted by Harley, a dog which defendants owned, kept, harbored and/or allowed to stay on the premises of their residence despite the fact of defendants' actual or constructive knowledge of said dog's vicious and dangerous propensities.

WHEREFORE, plaintiff April Nutt, as next friend for her daughter, M.N., prays for this Court to enter Judgment against defendants Christopher Hazel and Carla Hazel, and each of them, is an amount that is fair and reasonable.

## COUNT III
## PREMISES LIABILITY

18. Plaintiff realleges the allegations set forth in paragraphs 1 through 12 as if set forth fully herein.

19. At all times relevant hereto, defendants were the owners of the residence on which Harley was kept.

20. As a result of Harley's presence on the residence, the residence was not reasonably safe.

21. Defendants knew or by using ordinary care could have known that the residence was not reasonably safe.

22. The aforementioned damages sustained by M.N. were the direct and proximate result of defendants' failure to use ordinary care in at least the following respects:

    a. Defendants kept Harley at the residence;

    b. Defendants allowed Harley to come into contact with invitees at the residence; or

    c. Defendants failed to warn April or M.N. that the premise was not reasonably safe as a result of Harley's presence.

WHEREFORE, plaintiff April Nutt, as next friend for her daughter, M.N., prays for this Court to enter Judgment against defendants Christopher Hazel and Carla Hazel, and each of them, is an amount that is fair and reasonable.

Date:  March 18, 2011

Respectfully submitted,

/s/ **Thomas K. Neill**
Thomas K. Neill, #51959MO
Gray, Ritter & Graham, P.C.
Attorney for Plaintiffs
701 Market Street, Suite 800
St. Louis, MO  63101-1826
(314) 241-5620
Facsimile:  (314) 241-4140
tneill@grgpc.com
http:\\www.grgpc.com